PEOPLE v. CONVERSE.

1. INTOXICATING LIQUORS — STATUTES — PRACTICE — ARGUMENT — REMARKS OF PROSECUTOR—CRIMINAL LAW.

It is error, in a prosecution, under 2 Comp. Laws, § 5412, for keeping a place where intoxicating liquors are sold, for the prosecuting attorney to argue that the respondent is a person addicted to the excessive use of intoxicating liquors.

2. SAME—EVIDENCE—TRIAL—REMARKS OF COURT.

It is error for the trial court in such a case to admit testimony of respondent's intoxication and to comment on the effect of the same as proof that the respondent had intoxicating liquors; respondent not being charged with excessive use of intoxicants.

3. SAME — EVIDENCE — COMMON CARRIERS — SHIPMENTS TO LOCAL-OPTION COUNTIES—STATUTES.

Testimony that the respondent as agent for an express company ordered beer shipped into a local-option county, and the consignee who took portions of the consignment at different times paid for the beer at the time of ordering it, does not warrant the court in instructing the jury that, as a matter of law, the acts of respondent, if the testimony was believed, were in violation of the local-option law.

4. SAME.

No liability attaches to express companies or their agents for transporting to consignees in a local-option county intoxicating liquors purchased outside of such county.

Error to Wexford; Chittenden, J. Submitted February 15, 1909. (Docket No. 154.) Decided May 26, 1909.

Dean Converse was convicted of violating the liquor law, and sentenced to imprisonment for 90 days in the Detroit house of correction and to pay a fine of $200. Reversed.

*Gaffney & Miltner*, for appellant.

*William H. Yearnd*, Prosecuting Attorney, for the people.

BROOKE, J.   The information in this case charges the respondent upon July 29th, and on divers days between that day and July 31, 1908, with keeping a place where "vinous, malt, brewed, fermented, spirituous, and intoxicating liquors, and mixed liquors and beverages, a part of which were intoxicating, were given away and furnished." The respondent was convicted and sentenced to the Detroit house of correction for 90 days and to pay a fine of $200 within 48 hours, and in default thereof to an additional 90 days in the Detroit house of correction. The respondent was the local agent of the Pacific Express Company at the city of Cadillac in the county of Wexford.   The office of the company was in the rear end of a shoe store.   At the rear end of this store was a shed or outbuilding through which the express company received and delivered merchandise intrusted to it.   This outbuilding was also the rear exit from the shoe store.   It was the claim of the respondent that he handled the beer solely in his capacity as agent for the express company.

The first assignment of error to be considered is that the court erred in permitting the prosecuting attorney, in his opening address to the jury, to refer to the respondent in the following language, "The respondent is a person addicted to the excessive use of intoxicating liquors," in permitting witness Adley to testify that he had frequently seen the respondent in an intoxicated condition, and in overruling the respondent's objection in the following terms:

"If he was drunk all the time in a prohibition town, it would show he had some whisky that he could give to someone else."

Further that the court erred in permitting witness Dolan to testify that he had seen respondent in an intoxicated condition in the city park.   We are of the opinion that the admission of the foregoing testimony and the remarks of the court in connection therewith are erroneous and clearly prejudicial to the respondent's rights.   The re-

spondent was not upon trial charged with the excessive use of intoxicating liquors, but for an entirely different offense. Guilt of an offense charged cannot be predicated upon testimony of guilt of an unrelated offense of which the party does not stand charged at the trial. That the minds of the jury would be influenced against respondent by such testimony and comment in a local-option town is scarcely to be doubted.

Error is assigned upon the judge's charge, particularly that part of it which is as follows:

"I charge you, as a matter of law, that if you believe the statement and testimony of the witness Bowen, to wit, that he went to this express office and to Mr. Converse, this respondent, and told him that he wanted two cases of beer, and that Mr. Converse told him it would be $5, and Mr. Bowen testifies that he does not remember whether he paid him the $5 at once, or only $2.50, but that in the end did pay him the $5, and that this beer came, and was stored there in Mr. Converse's possession, and Mr. Bowen went there from time to time and was allowed to take away quantities of this beer until it was gone, I charge you that such an act as that, under the law, would be keeping a place and furnishing beer contrary to the spirit and intent of the local-option law, and the respondent, if you find this to be true, would be guilty."

The testimony of Clarence C. Bowen, on which the learned circuit judge based the foregoing charge, is, in part, as follows:

"During the month of July I procured two cases of beer. I ordered, and it came through his company. One case I got, and took away direct, and the other case I got. He had it in the back room, and I took it as I wanted it. It was not in his charge. It just sat out there in the back room—the stormhouse—and later I came there and took a few bottles away as I wanted them. I think I made three different trips. * * * The two cases were ordered to be sent by the Pacific Express Company, and I came up and asked if they were there, and he said they were, and one I took away in its entirety. Do not know whether the other case was addressed to me on the box or not. I did not look to see, and that I took

away in parcels. When I went there it was in the storm-house, and I told him to leave it there so I could get it. He knew nothing of my intention to take it away in parcels. He had no way of finding out my intention. * * * I desired to buy some beer and went to the express office for the purpose of purchasing an express order and sending for the beer. I paid him $2.50 and 5 cents for the money order and the stamp. When there I asked Converse where I could send for the beer and get it the quickest, and he told me I could get it quicker by buying at Cope-mish, * * * and I then gave him money for the ex-press order, and said, 'I will buy the stamp,' and further said, 'I don't know the man's name, and you write for it, but to send for it to Copemish and have it sent to me,' and I got both of the cases from the office myself."

It seems to us that a fair reading of this testimony war-rants an entirely different construction than that placed upon it by the learned circuit judge in his charge to the jury. It is quite apparent that the ordering of the beer by respondent was simply for the reason that Bowen did not know the name of the man at Copemish to whom to write, and that the act was solely one of accommodation on the part of the respondent. The beer was consigned to Bowen. Section 5412, 2 Comp. Laws, being the sec-tion of the local-option act violation of which was charged, reads as follows:

"That it shall be unlawful for any person, directly or indirectly, himself or by his clerk, agent or employé, to manufacture, sell, keep for sale, give away or furnish any vinous, malt, brewed, fermented, spirituous or intoxicating liquors, or any mixed liquor or beverage, any part of which is intoxicating, or to keep a saloon or any other place where any such liquors are manufactured, sold, stored for sale, given away or furnished, in any county of this State on and after the first day of May next, following after the adoption by the board of supervisors of such county of a resolution prohibiting the same, as provided in section 13 of this act, so long as such resolution remains unrepealed; *Provided, however*, That the provisions of this section shall not apply to druggists, or registered pharmacists in selling any such liquors under and in compliance with the

restrictions and requirements imposed upon them by the general laws of this State."

This section does not either in terms or by construction prohibit common carriers from transporting or delivering intoxicating beverages within a local-option county when purchased outside thereof. No liability, therefore, attaches to express companies or their agents, under its provisions, for transporting or delivering to consignees in local-option counties spirituous, intoxicating, malt, brewed, fermented, or vinous liquors.

There was, however, testimony tending to prove that respondent, not as agent for an express company, but on his own account, kept a place where liquors were furnished to others, and that liquors, furnished by him, were drunk by others on the premises.

There should be a new trial.

GRANT, OSTRANDER, MOORE, and McALVAY, JJ., concurred.